UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADEMAR ROJAS-ORELLANA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C16-5563 BHS<br>CR13-5401 BHS<br><br>ORDER DENYING PETITION |

This matter comes before the Court on Ademar Rojas-Orellana ("Petitioner") motion under 28 U.S.C. § 2255. Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On December 27, 2013, Petitioner pled guilty to Conspiracy to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and Assault of a Federal Officer with a Dangerous Weapon in violation of 18 U.S.C. §§ 2,

ORDER - 1

1  111(a) and 111(b). Cause No. CR13-5401, Dkt. 44. On April 28, 2014, Petitioner was

2  sentenced to 78 months imprisonment and three years supervised release. *Id.*, Dkt. 67.

3       On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct.

4  2551 (2015). In *Johnson*, the Court held that the residual clause of the Armed Career

5  Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was an unconstitutionally vague sentencing

6  statute in violation of the Due Process Clause. *Id*. at 2557. On April 18, 2016, the

7  Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Welch*, the

8  Court held that "that *Johnson* is retroactive in cases on collateral review . . . ." *Id*. at

9  1268.

10       On June 24, 2016, Petitioner filed his motion under 28 U.S.C. § 2255. Dkt. 1-1.

11  On August 18, 2016, Petitioner filed a supplemental brief. Dkt. 6. Petitioner argues that

12  his sentence was improperly enhanced under the ACCA and that it should be reduced

13  pursuant to the Supreme Court's ruling in *Johnson*. Dkts. 1, 6. On September 7, 2016, the

14  Government responded. Dkt. 7. The Government contends that the motion is procedurally

15  barred and that the Supreme Court's ruling in *Johnson* is inapplicable to Petitioner's

16  sentence. *Id.*

17                                **II. DISCUSSION**

18       The petition lacks merit as the holding in *Johnson* is inapplicable to Petitioner's

19  sentence. In *Johnson* the Supreme Court found the language in the residual clause of §

20  924(e)(2)(B)(ii) to be unconstitutionally vague. 135 S. Ct. at 2555. Identical language

21  exists in United States Sentencing Guidelines § 4B1.2(a)(2) ("Career Offender

22  Guideline").

While § 924(c) and the ACCA share § 924 in Title 18 of the United States Code, the § 924(c) enhancements are not part of the ACCA.[1] Petitioner did not receive a mandatory minimum sentence under the ACCA or an enhanced sentence under the Career Offender Guideline. He was not convicted under 18 U.S.C. § 922(g), nor did he have any prior criminal history: both are necessary elements under the ACCA. 18 U.S.C. § 924(e)(1). Rather, Petitioner received his sentence pursuant to 18 U.S.C. §§ 2, 111(a), 111(b), 924(c)(1)(A), and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Where Petitioner's sentencing was unrelated to the ACCA or the identical language of the Career Offender Guideline, Petitioner can not rely on *Johnson* to seek a new sentence. The petition therefore lacks merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Petitioner's motion under 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

Dated this 3rd day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The ACCA is comprised solely of § 924(e), initially passed as part of the Comprehensive Crime Control Act of 1984. Pub. L. No. 98-473, ch. XVIII, 98 Stat. 1837, 2185 (1984). The § 924(c) enhancements were initially passed an amendment to the Gun Control Act of 1968. Pub. L. 90-618, 82 Stat. 1223 (1968). It was subsequently amended by a 1971 amendment, the Sentencing Reform Act of 1984, the Firearm Owners Protection Act, and amendments in 1988, 1990, 1998 and 2005. § 13, Pub. L. 91-644, 84 Stat. 1889 (1971); § 1005, Pub. L. 98-473, 98 Stat. 2138 (1984); Pub. L. 99-308, 100 Stat. 457 (1986); § 6460, Pub. L. 100-690, 102 Stat. 4373 (1988); § 1101, Pub. L. 101-647, 104 Stat. 4829 (1990); § 1, Pub. L. 105-386, 112 Stat. 3469 (1998); § 6(b), Pub. L. 109-92, 119 Stat. 2102 (2005).